## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KALVIN EDWARDS                                                    PETITIONER
ADC #129002

v.                                5:13CV00036-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

1

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1)

pursuant to 28 U.S.C. §2254, of Kalvin Edwards, an inmate at the East

Arkansas Regional Unit of the  Arkansas Department of Correction (ADC).

## I.    BACKGROUND

Mr. Edwards entered into negotiated pleas of guilty to second-degree

battery and felon in possession of a firearm in Sebastian County Circuit Court.

(Doc. No. 10 at 76-79.)  He was sentenced to two years' imprisonment in the

Arkansas Department of Correction, to be followed by seven years'

suspended imposition of sentence.  (Doc. Nos. 10 and 10-1.)  He was released

in February 2009 and on October 11, 2011, the State filed a petition to revoke

Mr. Edwards's suspended sentence, alleging he had committed rape,

possessed drug paraphernalia and obstructed governmental operations. (Doc.

No. 10.)  The circuit court found at the revocation hearing on November 30,

2011, that the State proved all three grounds, revoked the suspended sentence,

and sentenced Mr. Edwards to twenty-two years' imprisonment.  (Doc. No.

10-1.)

Mr. Edwards appealed his convictions to the Arkansas Court of

Appeals, arguing that (1) the evidence was insufficient to show he committed

rape; (2) the evidence was insufficient to show he possessed drug

paraphernalia, and (3) the statute that criminalizes obstructing governmental operations, Ark. Code Ann. § 5-54-102(b) (Supp. 2011), is unconstitutional.  *See Edwards v. State,* 2012 Ark. App. 551.  (Doc. No. 10-1.)  The appellate court affirmed the circuit court on October 3, 2012, holding that the evidence was sufficient to sustain the rape charge and the state needed only to prove one ground to sustain a revocation.  (*Id.*)  Mr. Edwards did not petition for rehearing or review, and the mandate issued on October 23, 2012.  (Doc. No. 10.) Mr. Edwards did not seek post-conviction relief pursuant to Ark. R. Crim. P. Rule 37.1 et seq. (2012).  He timely filed the instant habeas Petition on February 4, 2013.  (Doc. No. 1.)

## II.    ANALYSIS

Respondent  argues that the Petition is procedurally defaulted.  (Doc. No. 10 at  2.)  The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. §2254(b) (a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the state the

opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).

In his Petition for Writ of Habeas Corpus, Mr. Edwards asserts that he received ineffective assistance of counsel, and seeks relief in the form of a return to his pre-revocation supervised release status. (Doc. No. 1.) Here, Mr. Edwards was required to first present his claims to the Arkansas courts "as required by state procedure," in a petition under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); see also, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under [Ark. Rules Crim. Proc., Rule 37].")  Exhaustion is required because state courts should have the opportunity to review the rulings of lower state courts and correct any federal constitutional errors. *Engle v. Isaac,* 456 U.S. 107,128-29 (1982).  Mr. Edwards  failed to present and exhaust his claims in state court,

and further, state procedural rules would bar them if they were presented in state court now.   As such, his claims are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   After careful review of his Petition, the Court concludes that Mr. Edwards fails to show any cause and prejudice, and thus, his  Petition should be dismissed as procedurally barred.

After careful review of the record and the briefs, the Court concludes that Mr. Edwards's claims are procedurally defaulted.   Accordingly, his Petition for Writ of Habeas Corpus should be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases

where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

2.      A certificate of appealability should not be issued.

DATED this 15th day of October, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE